# UNITED STATES COAST GUARD COURT OF CRIMINAL APPEALS
## Washington, D.C.

## UNITED STATES

### v.

## William E. DANIEL,
### Fireman Apprentice (E-2), U.S. Coast Guard

## CGCMG 0241

## Docket No.  1296

## June 17, 2009

General Court-Martial convened by Commander, Maintenance and Logistics Command Atlantic. Tried at Norfolk, Virginia, on 5 September 2007.

| | |
|---|---|
| Military Judge: | CAPT Brian M. Judge, USCG |
| Trial Counsel: | LT Jeffery S. Howard, USCG |
| Assistant Trial Counsel: | LT Michael R. Vaughn, USCGR |
| Defense Counsel: | LTJG Tim Pasken, JAGC, USNR |
| Appellate Defense Counsel: | LT Robert M. Pirone, USCGR |
| Appellate Government Counsel: | LT Ronald B. Seely, USCGR |

## BEFORE
## McCLELLAND, TOUSLEY & CHANEY
### Appellate Military Judges

Per Curiam:

Appellant was tried by general court-martial, military judge alone.  Pursuant to his pleas of guilty, entered in accordance with a pretrial agreement, Appellant was convicted of one specification of indecent assault and three specifications of violating 18 U.S.C. § 2252A by receiving or possessing three or more visual depictions of child pornography, all in violation of Article 134, Uniform Code of Military Justice (UCMJ).  The military judge sentenced Appellant to confinement for thirty-two months, reduction to E-1, forfeiture of all pay and allowances, and a bad-conduct discharge.  The Convening Authority approved the sentence as adjudged.  The sentence was unaffected by the pretrial agreement.

Before this Court, Appellant assigns as error that the military judge abused his discretion when he admitted Prosecution Exhibit 3 over defense objection because the photographs were not properly authenticated, nor was a proper foundation established. We find no error and affirm.

Appellant was charged with a specification of indecent assault under Article 134, UCMJ. Specification 1 alleges that Appellant "did . . . commit an indecent assault upon [SC], a person not his wife, by lowering [SC's] pants and fondling and photographing his penis while the said [SC] was asleep, with intent to gratify his sexual desires." In the stipulation of fact admitted during the providence inquiry, the photographs referred to in the specification were described as "nine photographs of [SC's] penis, one of which included [Appellant's] own penis." (Prosecution Ex. 1 at 2, ¶ 8.) After Appellant was found guilty based on his pleas of guilty, the Government sought to introduce in aggravation sixteen photographs, identified as Prosecution Exhibit 3. (R. at 97.) Appellant objected "based on authenticity, lack of foundation," as well as based on Rule for Courts-Martial (R.C.M.) 1001(b)(4), Manual for Courts-Martial, United States (2005 ed.) and Military Rule of Evidence 403. (R. at 97.)

Special Agent Green of the Coast Guard Investigative Service (CGIS) served as a government witness to authenticate Prosecution Exhibit 3. He testified that Special Agent Tracey had sent Appellant's computer to the Forensic Unit, and the photographs that became Prosecution Exhibit 3 were found on the computer. (R. at 107-08.)

Special Agent Tracey had the responsibility to find out who were the people in the photographs. To that end, Special Agents Tracey and Green interviewed SC concerning the photographs, which they showed to SC in sequence. (R. at 107-110.) Special Agent Green testified that SC identified himself in the first photograph, washing dishes in his apartment. (R. at 109.) According to Special Agent Green, SC narrated the first two photographs as himself cleaning up around the house, and the next five as Appellant photographed by Appellant. (R. at 112.) Special Agent Green described the eighth photograph as SC lying on his back with his penis exposed and Appellant's hands pulling SC's pants down. (R. at 110.) He described the sixteenth photograph as SC lying on his back with his penis exposed and Appellant's hands

around SC's penis, masturbating him. (R. at 117.) Special Agent Green testified that SC's demeanor changed upon seeing the eighth photograph, and by the end of the interview he was very upset. (R. at 112, 114, 115.) This was the first time SC was aware of Appellant's acts alleged in Specification 1, as he had been asleep at the time of the acts. (Prosecution Ex. 1 at 1-2; R. at 113, 131-32.)

At the close of Special Agent Green's direct testimony, the Government moved to enter Prosecution 3 into evidence. (R. at 119.) Appellant renewed his objection "for lack of authentication," as well as on the other previously raised grounds and for being cumulative with the providence inquiry. (R. at 119-20.) The military judge overruled the objections and admitted the photographs, Prosecution Exhibit 3, with the statement that he was accepting them as being the photographs that were shown to SC. He added that they were admissible as evidence in aggravation because they "are the photographs that apparently were taken during the indecent assault." (R. at 120-21.)

Appellant now contends that Special Agent Green could not properly authenticate the photographs because he had no personal knowledge that they were taken from Appellant's computer, and could not identify the photographs as depicting the assault[1] because he only heard SC talk about it, yet SC was passed out when the photographs were taken. He also notes that there was no foundation laid as to how the photographs came into CGIS's possession.

It is true that Special Agent Green's testimony concerning the source of the photographs was hearsay, but it was not objected to at trial. Appellant entered several hearsay objections in the course of Special Agent Green's testimony, sometimes successfully, but he did not object on this point. Special Agent Green's testimony that SC identified himself in the first photograph links him circumstantially to the later photographs, though the link is weak.[2] In short, although the Government did a poor job of presenting this evidence, the military judge did not abuse his discretion in admitting Prosecution Exhibit 3.

---

[1] Appellant calls it "the alleged assault," but by this point in the trial, Appellant had been found guilty of that assault.
[2] This link is somewhat strengthened by the obvious relationship to the information developed in the providence inquiry.

Furthermore, the photographs themselves add little to the descriptions of them, to which no objection was entered. In this trial before military judge alone, we believe Prosecution Exhibit 3 had no effect on the sentence.

## Decision

We have reviewed the record in accordance with Article 66, UCMJ. Upon such review, the findings and sentence are determined to be correct in law and fact and, on the basis of the entire record, should be approved. Accordingly, the findings of guilty and the sentence, as approved below, are affirmed.



For the Court,


Ryan M. Gray
Clerk of the Court